IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Penny R. McElroy, | ) C/A No. 0:09-234-HFF-PJG |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| Michael J. Astrue, Commissioner of Social Security, | ) |
| Defendant. | ) |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Penny R. McElroy ("McElroy"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

On October 7, 2004, McElroy applied for DIB, alleging disability beginning October 2, 2002. McElroy's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on April 17, 2008, at which McElroy, who was represented by counsel, appeared and testified. The ALJ, after hearing the testimony of a vocational expert, issued a decision on August 6, 2008 denying benefits and concluding that McElroy was not disabled.

McElroy was thirty-four years old at the time of the ALJ's decision. She has an eleventh grade education and a General Equivalency Diploma and past work experience as a waitress, manager, line leader, and packer. (Tr. 78, 122, 701.) McElroy alleges disability since October 2, 2002 due to injuries resulting from a work-related accident in 2001 that dislocated her knee.

The ALJ found as follows:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since her alleged onset date of October 2, 2002 (20 CFR 404.1520(b) and 404.1571 *et seq.*).
   * * *
3. The claimant has the following severe combination of impairments: left knee pain with discoloration, burning, and tingling resulting from reflex sympathetic dystrophy and bilateral sacroiliac joint and back pain (20 CFR 404.1520(c)).
   * * *
4. The claimant does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
   * * *
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a modified range of sedentary work as defined in 20 CFR 404.1567. I specifically find that she can lift or carry 20 pounds occasionally and 10 pounds frequently, and she can stand for two hours of an eight hour work day, walk for two hours of an eight hour work day, and sit for six hours of an eight hour work day, although she needs a sit/stand option–at will. I also find that the claimant can occasionally push or pull with lower extremities, and occasionally climb, balance, and crouch, with the ability to frequently stoop, but never crawl and never kneel on the left lower extremity. I find that she can kneel on the right lower extremity on a frequent basis. In addition, I find that the claimant needs to avoid concentrated exposure to temperature extremes and vibration.
   * * *
6. Through the date last insured, the claimant was unable to perform past relevant work (20 CFR 404.1565).
   * * *
7. The claimant was born on October 25, 1973 and was 28 years old, which is defined as a younger individual age 18-49, on her alleged onset date (20 CFR 404.1563).

8. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is at issue in this case, at least for one of the jobs identified below (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
   * * *
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the



      regional and national economies that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

* * *

11.    The claimant was not under a disability as defined in the Social Security Act, at any time from October 2, 2002, the alleged onset date, through the date of this decision, including the December 31, 2007 date last insured (20 CFR 404.1520(g)).

(Tr. 16-25.)

McElroy filed a request for Appeals Council review and submitted additional evidence in support of her claim. (Tr. 689-95.) On December 24, 2008, the Appeals Council denied McElroy's request for review and concluded that none of the additional evidence provided a basis for changing the ALJ's decision, making the decision of the ALJ the final action of the Commissioner. (Tr. 3-4.) McElroy filed this action on January 29, 2009.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). The regulations require the ALJ to consider, in sequence:

(1)    whether the claimant is engaged in substantial gainful activity;

(2)    whether the claimant has a "severe" impairment;

(3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)    whether the claimant can perform her past relevant work; and

(5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig,

76 F.3d at 589. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775 (4th Cir. 1973).

**ISSUES**

McElroy raises the following issues for this judicial review:

1. Should the Commissioner consider new and material evidence from Claimant's treating pain management physician which clearly indicates that Claimant is totally and permanently disabled as a result of a severe and chronic pain syndrome from reflex sympathetic dystrophy/complex regional pain syndrome?

2. Did the Administrative Law Judge ("ALJ") err by not properly evaluating the disabling effects of Claimant's chronic pain syndrome from reflex sympathetic dystrophy affecting multiple body parts, including her low back, left leg, left foot, right foot, right leg and right hand?

(Pl.'s Br., Docket Entry 11 at 1.)

**DISCUSSION**

At the outset, the ALJ recognized that "[t]his is, admittedly, a difficult case." (Tr. 16.) The ALJ, following a review of the evidence and testimony presented to him, determined that McElroy was not disabled. Following the ALJ's decision on August 6, 2008, McElroy submitted additional evidence to the Appeals Council consisting of the following:

1. Letter dated 11/24/08 from counsel containing McElroy's arguments on appeal;
2. Medical Source Statement (Physical) completed by Dr. Michael Grier, dated 11/06/08;
3. Responses by Dr. Grier to specific questions, dated 11/04/08;
4. Progress Notes for McElroy, dated 11/05/08; and
5. Dr. Grier's response to the opinion of Dr. Carol Burnette, dated 11/05/08.[1]

(Tr. 689-95.)

---

[1] In addition to these documents, McElroy also attaches to her brief in this matter an affidavit of McElroy dated November 24, 2008 requesting that her onset date be amended to May 7, 2003. (Docket Entry 11-5.)



**A.      General Law on the Presentation of Additional Evidence to the Appeals Council**

Evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review " 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.' "[2] Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3; cf. 20 C.F.R. § 404.970(b).

**B.      Additional Evidence Submitted in this Case**

On December 24, 2008, the Appeals Council denied McElroy's request for review. Specifically, the Appeals Council stated that "[i]n looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision."[3] (Tr. 3-4.) The Order of Appeals Council listed the additional evidence described above. (Tr. 6.)

McElroy first argues that, in light of the additional evidence, the ALJ's decision should be reversed and benefits should be awarded to McElroy, or in the alternative, this matter should be remanded for the ALJ to evaluate the new evidence. In response, the Commissioner contends that

---

[2] The parties do not appear to dispute that the additional evidence submitted to the Appeals Council relates to the period before the date of the ALJ's decision.

[3] The court observes that the Appeals Council provided no further discussion or explanation as to why the additional evidence did not provide a basis for changing the ALJ's decision.

PJG

this argument should not avail McElroy because (1) the Appeals Council is not required to provide specific findings regarding all "new" evidence presented to it, and (2) there is not a reasonable possibility that the "new" evidence would have changed the ALJ's decision. (Def.'s Br. at 12-13, Docket Entry 12 at 12-13.)

As an initial matter, the court observes that although the Appeals Council listed the new evidence and stated that it considered the evidence, the Appeals Council failed to discuss the new evidence, thereby rendering a meaningful review by this court difficult. The Commissioner, relying on unpublished Fourth Circuit case law, argues that the Appeals Council is not required to articulate specific reasons for how it weighed the newly submitted evidence. See Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001) (unpublished); Hollar v. Comm'r of the Soc. Sec. Admin., 194 F.3d 1304 (4th Cir. 1999) (Table).

Cases in this circuit appear to conflict as to whether the Appeals Council must articulate reasons for the assessment of or failure to assess additional evidence. Compare Freeman, 15 Fed. Appx. 87 (concluding that the Appeals Council need not list detailed reasons for its rejection of additional evidence) and Hollar, 194 F.3d 1304 (stating that federal regulations do "not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision") and Jackson v. Barnhart, 368 F. Supp. 2d 504, 508 n.2 (D.S.C. 2005) ("[T]here is no requirement that the Appeals Council articulate its own assessment of the additional evidence in its decision to deny review.") (internal quotation marks omitted) with Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) (concluding that the opinion of the Appeals Council which stated "only that the additional evidence had been considered, was plainly deficient") and Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C. 2000) (declining to follow the unpublished Fourth Circuit opinions and stating that "the Appeals Council must articulate its reason for rejecting new, additional

evidence, so that a reviewing court may understand the weight the Commissioner attributed to the new evidence") and Suber v. Comm'r of the Soc. Sec. Admin., 640 F. Supp. 2d 684 (D.S.C. 2009) (Floyd, J.) (agreeing with and following the reasoning and holding in Harmon) and Wheelock v. Astrue, No. 9:07-3786-HMH-BM, 2009 WL 250031 (D.S.C. Feb. 3, 2009) (remanding the case to the ALJ "to articulate his assessment of the new and material evidence presented by Wheelock so that this court may determine whether the ALJ's decision is supported by substantial evidence"). This court finds that regardless of whether the Social Security regulations require the Appeals Council to provide specific reasons for rejecting additional evidence which meets the Wilkins criteria, this court in the case at bar cannot determine whether the ALJ's—and, in turn, the Commissioner's—decision is supported by substantial evidence, since there is a reasonable possibility that the new evidence would change the ALJ's decision. See Wilkins, 953 F.2d at 96. Remand is therefore necessary. See Harmon, 103 F. Supp. 2d at 874; Suber, 640 F. Supp. 2d at 688; Wheelock, 2009 WL 250031 at *9.

In the ALJ's decision denying benefits, the ALJ recognized that McElroy suffered pain resulting from her reflex sympathetic dystrophy that has not totally resolved; however, the ALJ found that "there are some inconsistencies in the record which need to be addressed and ultimately suggest that there is a difference of opinion regarding the claimant's ability to work." (Tr. 22.) Notably, in the decision, the ALJ repeatedly referenced the fact that he did not have an opinion from McElroy's treating pain management physician, Dr. Grier, as to McElroy's limitations. For example, it appears that the ALJ reduced the weight given to the assessment provided by Dr. Carol Burnette and concluded that McElroy's subjective complaints were undermined at least in part by the fact that on the assessment completed by Dr. Grier, he deferred responding to the question of whether McElroy

was unable to engage in substantial gainful employment by noting: "Needs FCE."[4] (Tr. 22-23; 236.) The ALJ stated that in light of Dr. Grier's failure to make "a specific assessment of limitations in this case," he is "left with [Dr. Grier's] observations from his treatment notes." (Id.)

However, the additional medical evidence submitted to the Appeals Council includes Dr. Grier's assessment of McElroy's limitations subsequent to the FCE and in fact states that he agrees with the limitations included in Dr. Burnette's report. (Tr. 689-93, 695.) These limitations, if accepted by the ALJ, would clearly alter the ALJ's decision in this matter. Accordingly, this additional evidence is material. Further, to the extent that the Commissioner disputes whether the evidence is "new" by asserting that it is merely cumulative to Dr. Burnette's opinion, the court rejects this contention in light of the fact that the ALJ rejected this opinion because he found that Dr. Burnette had no treating relationship with McElroy and because Dr. Grier himself had not issued an opinion on McElroy's limitations.

Without consideration of this new, material evidence, the court cannot say that the ALJ's opinion is supported by substantial evidence. Moreover, without an explanation regarding the additional evidence by the Appeals Council, this court cannot determine whether the Commissioner's decision in turn is supported by substantial evidence. Therefore, the additional evidence that was presented to the Appeals Council requires further development of the record. See Thomas v. Comm'r of Soc. Sec. Admin., 24 Fed. Appx. 158, 161-63 (4th Cir. Dec. 17, 2001) (unpublished) (concluding that a remand was necessary where the Appeals Council summarily determined that the new evidence failed to provide a basis for changing the ALJ's decision and further development of the record was required). Without a reasoned decision on the new evidence

---

[4] An "FCE" is a functional capacity evaluation.

and a continuation of the sequential evaluation process, if necessary, the court cannot determine whether substantial evidence supports the Commissioner's decision.

**C.     Other Issues**

McElroy contends that Dr. Grier's office notes from February 19, 2008 through November 4, 2008 are not contained in the record and/or are missing. (Pl.'s Reply Br. at 1 n.1, Docket Entry 13 at 1.) This issue may be addressed on remand. The court expresses no opinion as to the propriety of considering this evidence in the event that the notes were never submitted to the ALJ.

Finally, the evaluation of the additional evidence may affect the ALJ's determination as to McElroy's credibility and his evaluation of Dr. Burnette's opinion, as well as the subsequent steps of the sequential evaluation. Therefore, the court cannot determine whether the ALJ's conclusions as to the remainder of the sequential process is supported by substantial evidence. Further, the ALJ's reconsideration of the above issues may render McElroy's remaining issues moot. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

**RECOMMENDATION**

The court cannot determine based on the record before it whether the Commissioner's decision is supported by substantial evidence. Therefore, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 19, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).